**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| CHARLES UPSON, | ) | |
| #233517, | ) | |
| | ) | CIVIL ACTION NO. 9:12-0098-MGL-BM |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| WARDEN OF RIDGELAND | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on January 5, 2012.[1]

The Respondent filed a return and motion for summary judgment on April 16, 2012. As the Petitioner is proceeding pro se, a Roseboro order was filed on April 23, 2012, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time, Petitioner filed a response in opposition on June 11, 2012.

On July 13, 2012, the Court granted a motion, purportedly from the Petitioner, to dismiss his case. However, after receiving subsequent letters from the Petitioner stating that he had not sent the motion to dismiss his case, the Court reopened the case on September 7, 2012 and reinstated Respondent's motion for summary judgment. Another Roseboro order was then filed on

_____

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



September 11, 2012, following which Petitioner filed an additional letter on September 28, 2012, and another response in opposition to the Respondent's motion for summary judgment on October 16, 2012. On November 9, 2012, the undersigned issued an order to clarify that the Court would consider all of Petitioner's filings in opposition to the motion for summary judgment, including his earlier filing on June 11, 2012, in reviewing this case.

This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in Aiken County in August 2004 for burglary in the first degree [Indictment No. 04-GS-02-1366]. (R.pp. 423-424). Petitioner was represented by Assistant Public Defender David Mauldin, Esquire, and after a jury trial on August 9-11, 2004, he was found guilty as charged. (R.p. 252). Petitioner was sentenced to thirty-two (32) years imprisonment.[3] (R.p. 274).

Petitioner filed a timely appeal on which he was represented by Tara S. Taggart, Assistant Appellate Defender. Counsel filed an Anders[4] brief requesting to be relieved as counsel and raising the following issue:

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The trial judge also revoked probation that Petitioner was then serving for a breach of trust conviction. (R.pp. 256, 274). That revocation has not been contested in this action. See Petition.

[4]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



2

> Whether the trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt.

(R.p. 334).

By letter dated November 17, 2005, the Clerk of the South Carolina Court of Appeals advised Petitioner of his right to file a pro se response to the petition to raise and argue any issues Petitioner believed the Court should consider in the appeal. See Court Docket No. 14-5. However, it appears uncontested that Petitioner did not file a response. See Respondent's Memorandum in Support of Summary Judgment, p. 2; Plaintiff's July 11, 2012 Memorandum in Opposition to Summary Judgment, p. 3. On February 12, 2007, the South Carolina Court of Appeals granted counsel's request to be relieved and denied the petition in its entirety. (R.p. 283). Petitioner did not seek rehearing or certiorari review from the Supreme Court of South Carolina, and the South Carolina Court of Appeals issued the remittitur on February 28, 2007. See Court Docket No. 14-6.

On November 13, 2007, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court, raising several issues concerning effective assistance of counsel. Upson v. State of South Carolina, No. 2007-CP-1645. (R.pp. 285-301). Petitioner was represented in his APCR by James P. Craig, Esquire, and an evidentiary hearing was held on Petitioner's application on December 17, 2008. (R.pp. 345-412). In an order dated February 24, 2009, filed March 5, 2009, the PCR judge denied relief on the APCR in its entirety. (R.pp. 413-422).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Wanda H. Carter, Deputy Chief of the South Carolina Commission on Indigent Defense, who raised the following issue:

> Trial counsel erred in failing to investigate into and present a third party guilt defense in the case.



<u>See</u> Court Docket No. 14-8, p. 3.

On May 6, 2011, the South Carolina Supreme Court denied Petitioner's writ of certiorari. <u>See</u> Court

Docket No. 14-10. The Remittitur was sent down on May 25, 2011. <u>See</u> Court Docket No. 14-11.

In his Petition for writ of habeas corpus filed in this United States District Court,

Petitioner raises the following issues:

> **Ground One:** Trial Judge erred in failing to grant a directed verdict of acquit[tal] in
> light of insufficient evidence of guilt.

> **Ground Two:** Ineffective Assistance of Trial Counsel.

<u>See</u> <u>Petition</u>, pp. 6-8.

## <u>Discussion</u>

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law. Rule 56, Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is

charged with liberally construing pleadings filed by a <u>pro</u> <u>se</u> litigant to allow the development of a

potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S.

519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the

existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>,

901 F.2d 387 (4th Cir. 1990).

## I.

Respondent argues in his motion, <u>inter</u> <u>alia</u>, that the entire Petition is subject to

dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court



within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[5] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition falls under § 2244(d)(1)(A).

    Petitioner's conviction became final on February 27, 2007, fifteen (15) days after the dismissal of his direct appeal on February 12, 2007. See Gonzales v. Thaler, 132 S.Ct. 641, 656 (2012)["... with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . . "]; see also Rule 221(a), SCACR.[6] By the time Petitioner filed his APCR on November 13, 2007,

---

[5]Antiterrorism and Effective Death Penalty Act of 1996.

[6]Since Petitioner did not seek review of the decision of the Court of Appeals from the South Carolina Supreme Court, he is not entitled to a tolling of the ninety (90) days to seek certiorari review from the United States Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir. 2001); Reddock v. Ozmit, No. 09-204, 2010 WL 568870 at **3-5 (D.S.C. Feb. 11, 2010); Sims v.Padula,
(continued...)



two hundred and fifty-eight (258) days of non-tolled time had passed from when his conviction became final.

The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until the issuance of the Remittitur on May 25, 2011.[7]  See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002).  By the time Petitioner then filed his federal habeas petition on January 5, 2012, antoher two hundred and twenty four (224) days had passed since the issuance of the Remittitur in his APCR, for a total of four hundred and eighty-two (482) non-tolled days, placing Petitioner's federal habeas filing well outside §

---

[6](...continued)
No. 12-976, 2012 WL 5457390 at * 12 (D.S.C. Oct. 9, 2012), adopted by and incorporated into, 2012 WL 5457642 (D.S.C. Nov. 8, 2012); Anderson v. Warden of Evans Correctional Institution, No. 10-987, 2010 WL 5691646 (D.S.C. Sept. 7, 2010), adopted by, 2011 WL 380651 (D.S.C. Feb. 3, 2011); Martino v. Cartledge, No. 09-527, 2010 WL 56093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07-1081, 2008 WL 2922860 (D.S.C. July 24, 2008). See also Wise v. South Carolina Dep't of Corrections, 642 S.E.2d 551 (S.C. 2007).

[7]The State disputes that the limitations period remained tolled until the date that the Remittitur was issued in Petitioner's state PCR action.  However, even giving Petitioner the benefit of that time period in this case, his petition is still untimely.  Therefore, the undersigned has used the date that the Remittitur was issued out of an abundance of caution. See Gonzalez, 132 S.Ct. at 654 n. 10 [distinguishing between §2244(d)(2) and (d)(1) provisions]; see also SCACR 221(b); Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction].



2244(d)1(A)'s one year limitations period.[8]  Therefore, Petitioner failed to timely file this federal petition.  <u>Harris</u>, 209 F.3d at 327-328.

However, Petitioner asserts that he is entitled to some type of equitable tolling due to the fact that he underwent medical procedures and hospitalizations during the time period after the South Carolina Supreme Court denied his petition for certiorari.  The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases.  <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); <u>see also</u> <u>Rouse v. Lee</u>, 314 F.3d 698, 704 (4th Cir. 2003)(citing <u>Harris</u>, 209 F.3d at 330).  Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling.  <u>Harris</u>, 209 F.3d at 330; <u>see also</u>  <u>Marengo v. Conway</u>, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002).  Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition.  <u>Warren v. Garvin</u>, 219 F.3d 111, 113 (2d Cir. 2000); <u>Marengo</u>, 342 F.Supp.2d at 230.  "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll."  <u>Marengo</u>, 342 F.Supp.2d at 230 (quoting <u>Warren</u>, 219 F.3d at 113); <u>see also</u> <u>Holland</u>, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting <u>Pace</u>, 544 U.S. at  418.  Hence, even assuming arguendo that Petitioner's time to file could be tolled while he was in the hospital or the "Just Care" facility, Petitioner still must show that he diligently pursued his rights prior to and after that time.  <u>See</u> <u>generally</u> <u>Rhodes v. Senkowski</u>, 82 F.Supp.2d 160, 170

---

[8]Petitioner does not contest that his petition was not timely filed.



(S.D.N.Y. 2000)[Petitioner must allege more than mere existence of physical or mental ailments to justify equitable tolling of one-year limitations period for habeas petitions; petitioner has burden to show that these health problems rendered him unable to pursue his legal rights during the one-year time period].

Petitioner has not made any argument relating to the time period which expired prior to his filing of his state APCR. However, Petitioner asserts, and Respondent has not disputed, that he was in the hospital from April 5, 2011 to April 8, 2011, and that when the Remittitur was issued on his PCR appeal, he was in Just Care recovering from surgery and was apparently not thereafter returned to the McCormick Correctional Institution until July 21, 2011.[9] See Petitioner's Memorandum filed June 11, 2012, at p. 11. Petitioner was then again admitted to the hospital from August 18, 2011 to August 22, 2011, staying in Just Care after he was released from that hospital stay until December 5, 2011, when he again was returned to McCormick. Id.

Therefore, although Petitioner had approximately one hundred and seven (107) days remaining to file his Petition after issuance of the Remittitur in his state APCR, if Petitioner is given the benefit of equitable tolling for the time periods he was in the hospital and Just Care, only sixty one (61) of the remaining one hundred and seven (107) days he had to file his Petition would have expired, making his Petition timely. While Respondent (correctly) argues that all Petitioner had to do was file his Petition after his return to the prison on July 21, 2011, and that Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing this federal Petition, or that he could not have filed a timely petition, given the facts and circumstances

---

[9]Again, since Respondent has not argued otherwise and there is no medical evidence in the record disputing Petitioner's assertion that the time period should be tolled when he was in the Just Care recovery facility, the undersigned has tolled that entire time period for purposes of this opinion.



presented, and out of an abundance of caution, the undersigned has proceeded with a discussion of the merits of Plaintiff's claim.  Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled "if the party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]; Leon v. Hedgepeth, 467 Fed.Appx. 665  (9th Cir. Jan.30, 2012); Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011)[Hospitalization may demonstrate extraordinary circumstances tolling the habeas statute's limitation period depending on the circumstances]; see Cruz v. Beto, 405 U.S. 319 (1972)[Federal Court should liberally construe pro se pleadings to allow for the development of a potentially meritorious case].

## II.

In Ground One of his Petition, Petitioner argues that the trial court erred in failing to grant a directed verdict because there was insufficient evidence of his guilt.  Specifically, Petitioner contends that there was no forensic evidence to tie Petitioner to the crime, nor was any other direct or circumstantial evidence presented to proved the substantive elements of the crime.

This claim was presented by Petitioner in his direct appeal in his Anders brief, and is therefore exhausted for purposes of federal habeas review.  However, while such a claim is cognizable on collateral review, a federal court's review of such claims is "sharply limited."  Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998), cert. denied, 525 U.S. 1012 (1998)(quoting Wright v. West, 505 U.S. 277, 296 (1992); see also Evans-Smith v. Taylor, 19 F.3d 899, 905 (4th Cir. 1994)["The standard is obviously rigorous."] "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or replace the state's system of direct appellate review."  Wilson, 155 F.3d at 405-406 (citing Wright, 505 U.S. at 292).  Rather, the standard of review regarding sufficiency of the evidence claims in criminal cases



is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979)(emphasis in original). In other words, a federal habeas petitioner "is entitled to relief only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" Wilson, 155 F.3d at 406 (quoting Jackson, 443 U.S. at 324)); see also George v. Angelone, 100 F.3d 353, 357 (4th Cir. 1996).

Here, the record of Petitioner's case contains ample evidence to support his burglary conviction. Fingerprint and palm evidence was found on the back window, where someone had "grabbed the window, bent the screen back and grabbed the window and tried to push up on it." (R.p. 122). Fingerprints found on the window matched to the Petitioner, while shoe prints and thread prints recovered from the porch were consistent with Petitioner's shoe size and shoe treads. (R.pp. 106-107, 122, 127-129, 163-164, 175-178). In addition, blood hounds followed a scent from the victim's property to Petitioner's nearby home, and Petitioner and his wife both admitted that the stolen VCR had been in Petitioner's outside trash can on his property. (R.pp. 84, 113-116, 135, 197-198). It was also uncontested at trial that Petitioner had been convicted of at least two prior burglaries, and the State submitted certified records of proof.[10] (R.pp. 75, 169).

The undersigned does not find that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt" based on this evidence; Wilson, 155 F.3d at 406; Jackson, 443 U.S. at 324; see also George, 100 F.3d at 357; and since there is evidence in the record to support

---

[10]The trial judge gave a cautionary instruction to the jury that evidence related to the prior burglaries only be used in consideration as an element of the crime (the crime of burglary in the first degree requires two or more prior convictions for burglary), and could not be used as mere character evidence. (R.pp. 240-241).



the charge of burglary in the first degree, Petitioner has not shown the state court committed reversible error in denying his request for a directed verdict. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Therefore, this claim is without merit and should be dismissed.

### III.

In Ground Two of his Petition, Petitioner contends that his trial counsel was ineffective for "failing to employ skill and knowledge in investigat[ing] Third-Party Guilt assertion of Ron Williams." See Petition, pp. 7-8. Specifically, Petitioner contends that he told counsel that a man named Ron Williams had committed the burglary, and that counsel failed to conduct a proper investigation into Williams' guilt.

This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition, as well as on appeal to the State Supreme Court. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); see also Court Docket No. 14-8, p. 3. The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Upson v. State of South Carolina, No. 07-CP-02-1645. Specifically, the PCR judge found that: 1) Petitioner's counsel testified that he had not attempted to find Williams because it was unlikely Williams would come in and admit his guilt; 2) counsel was able to inject the theory that Williams was the perpetrator through Petitioner's videotaped interview; 3) Petitioner failed to demonstrate prejudice from his counsel's failure to investigate Williams; 4) no witness, fact, or defense that could have been developed had counsel met with Petitioner or conducted further investigation was presented; and 5) Petitioner had failed to show that his counsel was ineffective. (R.pp. 416-417).

11



Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in



a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996).

Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard.  Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].  Petitioner testified at the PCR hearing that he told his counsel that he was innocent and that Williams may have been the one who committed the crime, and that he asked his counsel to try to locate Williams or get the police to locate him.  (R.pp. 355, 359).  Petitioner's counsel testified that Petitioner had told him that he was innocent and had mentioned Williams to him in the same manner that Petitioner mentioned him to the officer on the videotape [referring to the video tape of Petitioner's interview with Detective David Savage].  (R.pp.

13



382-383).  Counsel testified that he didn't look for Williams because he didn't believe that Williams would come in and admit to the burglary even if he was in fact the perpetrator, but that part of his trial strategy was to get Petitioner's version of events, including his allegation that Williams had committed the crime, in through the videotape without having Petitioner subjected to cross examination.  Counsel also testified that he cross-examined Detective Savage about the fact that he didn't even bother to "walk down the hall" to talk to Williams, "even brace him up or see if he might just admit to it, just off hand talking to him."  (R.pp. 383, 402-403).  Counsel also argued in closing that Savage wouldn't even explore any alternatives to Petitioner's guilt, but that instead Savage just wanted to go forward and bury the case.  (R.p. 403).

Although Petitioner speculates about how the location of and investigation of Williams could have affected the outcome of his case, such speculation is insufficient to show his counsel was ineffective.  While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel.  Strickland, 466 U.S. at 689.  There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner.  Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].  Furthermore, Petitioner has presented no evidence in this proceeding to show what a further investigation would have produced.



The PCR judge found that no witness, fact, or defense that could have been developed had counsel conducted further investigation was presented, and the undersigned can find no reversible error in this record. Cf. United States v. Vargas, 871 F.Supp. 623, 624 (S.D.N.Y. 1994)[Relief denied where Petitioner failed to show, inter alia, that counsel's decision not to open up such a witness to cross examination was ineffective assistance]; Smith v. Kenna, 309 Fed.Appx. 68, 72-73 (8th Cir. 2009)[No ineffective assistance where there is no showing that failure to call a witness affected the outcome of the trial]; Moorehead v. State, 496 S.E.2d 415, 417 (S.C. 1998)["Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result."]. Nor has Petitioner shown the necessary prejudice with regard to this claim. Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra; Beaver v . Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996); Bassette v. Thompson, supra. See also Moss v. Hofbauer, 286 F.3d 851, 864-865 (6th Cir. 2002); Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3rd Cir. 1991). This issue should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
April 12, 2013                                    Bristow Marchant
Charleston, South Carolina              United States Magistrate Judge

15



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

