IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Upson, #233517, | ) Civil Action No.: 9:12-98-MGL |
| Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Warden of Ridgeland Correctional Institution, | ) |
| Respondent. | ) |

This matter is before the court on the Report and Recommendation of the Magistrate Judge (ECF No. 43) recommending that the court grant Respondent's motion for summary judgment. (ECF No. 33). The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without recitation. For the reasons set forth herein, the court agrees and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Petitioner Charles Upson, a state prisoner with the South Carolina Department of Corrections ("SCDC") currently housed at Perry Correctional Institution in Pelzer, South Carolina, proceeding *pro se* filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2012.[1] In accordance with 28 U.S.C. § 636(b) and Local Rule

---

[1]This filing date reflects that the envelope containing the petition was stamped as having been received on January 5, 2012, by the South Carolina Department of Corrections. (ECF No.1-1.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

1

73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling and a Report and Recommendation ("Report"). Respondent filed a Motion for Summary Judgment on April 16, 2012 (ECF No. 14) arguing that the Petition for Habeas Relief was subject to dismissal because Petitioner failed to file his application for relief within one (1) year following the exhaustion of his state court remedies. (28 U.S.C. § 2244(d)(1). As Petitioner is proceeding *pro se*, an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), was issued on April 23, 2012, advising Petitioner that a Motion for Summary Judgment had been filed and the importance for him to file an adequate response. (ECF No. 15). Petitioner filed his response on June 11, 2102. (ECF No. 20).

On July 11, 2012, the court received a document titled "Notice for Case to be Dismissed Without Prejudice". (ECF No. 25). The court construed this document as Motion to Dismiss and granted the motion on July 13, 2012, the court entered an order granting Petitioner's Motion to Dismiss. (ECF No. 26). However, after receiving letters from Petitioner stating he had not filed a Motion to Dismiss, the court reopened the case on September 7, 2012. (ECF No. 31). Respondent renewed his Motion for Summary Judgment on September 7, 2012. (ECF No. 33). The Magistrate Judge issued a Roseboro order on September 11, 2012, notifying Petitioner that a Motion for Summary Judgment had filed and specifically advising him that if he failed to respond adequately, the Motion for Summary Judgment may be granted. (ECF No. 35). Petitioner filed an additional letter on September 28, 2012 (ECF No. 37), and a response to Respondent's Motion for Summary Judgment on October 16, 2012. (ECF No. 38). On April 12, 2013, the Magistrate Judge issued a Report and Recommendation which recommends that

2

Respondent's Motion for Summary Judgment be granted and that the petition be dismissed with prejudice.  (ECF No. 43).  Petitioner was advised of his right to file objections to the Report.  (ECF No. 43 at 16).  Petitioner filed timely objections thereto on May 6, 2013.  (ECF No. 48.)  Respondent filed a Reply on May 23, 2013.  (ECF No. 52.)

## LEGAL STANDARD

The Report is made in accordance with 28 U.S.C § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C.1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).  Objections to the Report must be specific.  In the absence of specific objections to the Report, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).  Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*United States v. Schronce*, 727 F.2d 91 (1984). In this case, Petitioner filed an Affidavit in Response to the Magistrate Judge's Report and Recommendation on May 6, 2013. (ECF No. 48) which the court construes as Plaintiff's objections. Petitioner's affidavit outlines his claims for relief but, does not reference the Magistrate Judge's Report.

## DISCUSSION

Petitioner's objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Here, Petitioner merely states the reasons he believes that he is entitled to relief. The court notes that restating claims previously presented are not considered proper objections. Respondent filed a Reply to Petitioner's Affidavit and argues that Petitioner's response improperly attempts to provide supplemental facts that were not in the record. Upon review, the court finds that Plaintiff failed to properly object to the Report with specificity. The court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 316. Here, the court does not find clear error and accepts the Report by the Magistrate Judge.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation and the record in this case, the court ACCEPTS the Magistrate Judge's Report and Recommendation. Further, Petitioner's objection is hereby overruled. Accordingly, the court adopts and incorporates the Report and Recommendation . The court GRANTS Respondent's Motion for Summary Judgment (ECF No. 33) the petition for habeas corpus relief is dismissed.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

September 12, 2013
Spartanburg, South Carolina

5